IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JIM MIKEL #39790-180 | § | |
| | § | |
| V. | § | A-09-CA-286-SS |
| | § | |
| REPUBLICAN PARTY, GEORGE | § | |
| BUSH, SR., GEORGE W. BUSH, | § | |
| THE ADMINISTRATIONS OF BUSH'S, | § | |
| JOHNNY SUTTON, U.S.A. MILITARY | § | |
| PERSONNEL and EMPLOYEES OF | § | |
| FCI BASTROP | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

To:   The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his civil complaint, Plaintiff was confined in FCI Bastrop. Plaintiff alleges: (1) George Bush, Sr. allowed experiments on humans during time of war; (2) George W. Bush allowed experiments on federal inmates during time of war; (3) the Administrations of "Bush's" did experiments and created a police state with military personnel in prison; (4) Johnny Sutton illegally imprisoned people, knowing experimental drugs were being used; (5) U.S.A.

1

Military Personnel, acting as inmates, created a police state in taking over a federal entity without notifying the citizens of the U.S.A.; and (6) employees of FCI Bastrop retaliated and used sexual misconduct and chemicals intended to harm him. Plaintiff indicates there are days missing when he was at the county jail. He hopes on the next experiment "things will go better!" Plaintiff further alleges:

> The USA has broken the Council of Europe & the European Council standards for Human Rights. I wish to proceed to have the European Court of Human Rights immediately notified that our military personnel are present within the gates of FCI Bastrop, experiments are being done to people without their knowledge, including sexual misconduct. I also request the European Union to be notified, the European Commission, and the President of the United States, Barak Obama. I also need to notify the necessary military under the acting President, as my life could be in danger knowing these things. Unicor also is a "front" making some type of "motors." I have also been denied blood work and access to my own file.

Plaintiff requests the Court to vacate his sentence. Plaintiff also requests to speak to President Obama.

## DISCUSSION AND ANALYSIS

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to

2

harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

A court may dismiss a claim as factually frivolous only if the facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995). Plaintiff's claims fall within this category, and his complaint should be dismissed as frivolous. To the extent Plaintiff seeks to vacate his sentence he must do so in his criminal case in a motion to vacate his sentence. The Court's records reflect Plaintiff currently has pending such a motion in Cause No. A-04-CR-071-SS.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer

to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

## OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 30th day of April, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE